| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 10-4401 D | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

**PLAINTIFF(S)**: ALEX ZAVALIANOS
**DEFENDANT(S)**: Southern Folger Detention Equipment Co. LLC

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**: Elayne Alanis, 10 Tremont St. 3rd Floor, Boston MA 02108
Board of Bar Overseers number: 660365

**ATTORNEY (if known)**:

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B22
TYPE OF ACTION (specify): Employment Discrim.
TRACK: (F)
IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................ $
2. Total Doctor expenses ......................... $
3. Total chiropractic expenses ................... $
4. Total physical therapy expenses ............... $
5. Total other expenses (describe) ............... $

Subtotal $

B. Documented lost wages and compensation to date ......... $45,816
C. Documented property damages to date ................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ..................... $547,725
F. Other documented items of damages (describe) Medical Ins, Life Ins & Profit Share ... $159,474
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

James E George
SC#4245
11/16/10 2:31pm

TOTAL $753,015

RECEIVED
NOV 09 2010
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record: Elayne N. A[signature]    DATE: 11/9/10

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                         SUPERIOR COURT

CIVIL ACTION NO. 10-4401

ALEX ZAVALIANOS

**PLAINTIFF**

v.

SOUTHERN FOLGER DETENTION
EQUIPMENT CO, LLC

**DEFENDANT**

RECEIVED
NOV 09 2010
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## INTRODUCTION

Plaintiff Alex Zavalianos brings this civil action seeking damages caused by the discrimination directed at him by the Defendant. As a result of injuries suffered, Plaintiff Alex Zavalianos brings the claim of Age Discrimination against Defendant Southern Folger Detention Equipment Co., LLC.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Alex Zavalianos (hereinafter "Zavalianos") is an individual who resides at 17 Sunny Meadow Road, Atkinson, New Hampshire, 03811.

2. Defendant Southern Folger Detention Equipment Co. (hereinafter "Defendant") is a subsidiary of Phelps Tointon, Inc. located in Greeley, Colorado. Defendant is headquartered at 4634 South Presa Street, San Antonio, Texas 78223.

3. Massachusetts has personal jurisdiction over the Defendant pursuant to M.G.L.c. 223A § 3(a) (b).

## STATEMENT OF FACTS

4. Zavalianos is a fifty-nine year old male (DOB: October 28, 1951).

5. Zavalianos was hired by Southern Folger Detention Equipment Company ("Folger") on or about March 31, 2008 as a New England Branch Manager working out of the branch office located in Woburn, Massachusetts.

6. Zavalianos' annual salary was approximately $78,550 with an added opportunity for a performance related bonus, which he earned both in 2008 and 2009.

7. Zavalianos received a "meets expectations" on both his 2008 and 2009 annual performance appraisals. He was never placed on warning or reprimanded regarding any aspect of his job performance.

8. On or about September 18, 2009 Jim Brown took over the position of Director of Sales and Marketing and Zavalianos was assigned to report directly to Jim Brown.

9. When Zavalianos' territory was expanded to include Ohio he requested a 'marketing book', which included support information such as; contact lists, names, phone numbers and addresses of facilities. A similar book with information on five states was provided to another similarly situated manager approximately thirty years younger than Zavalianos but not to Zavalianos.

10. On January 15, 2010 at a national sales meeting in San Antonio Texas, Jim Brown, Zavalianos' new manager announced to the entire sales organization " [W]hen I first heard Alex's voice (over the phone) he sounded old and crotchety....and I was right."

11. At that same sales meeting earlier in the week, on Wednesday January 13, 2010, during a presentation of one of the company's products, Jim Brown stated to the presenter for all to hear, "show us how to set up the video-visitation unit so someone like Alex can do it." Zavalianos proceeded to remind Mr. Brown that he has a Bachelor of Science degree in Mechanical Engineering and can certainly comprehend the material covered at the presentation.

12. Following the above stated remarks by the new manager Zavalianos felt as though the 'company had branded him "old and crotchety" and too old to grasp a simple presentation. As such the more nimble younger employees, in particular the marketing assistant, Ms. Juanita Gamez began treating Zavalianos in a disrespectful manner changing his reports and thus rendering them full of typos and unprofessional.

13. When Zavalianos brought his concerns regarding Ms. Gamez's actions to Mr. Brown's attention Zavalianos was simply told "find a way to work with her." Mr. Brown made it clear that he was not going to take any action on behalf of Zavalianos.

14. Mr. Brown never worked in the field with Zavalianos even though he stated on a

number of occasions that Zavalianos should set time aside on specific date/s as he intended to work Zavalianos. Mr. Brown never called Zavalianos (as promised) to either confirm or cancel.

15. On information and belief Mr. Brown did work in the field with a sales representative who is substantially younger than Zavalianos and not in the protected class.

16. On Friday April 16, 2010 while traveling on company business Zavalianos was told to call in to Headquarters, which he did from an airport whereby he was informed that he was being terminated for poor performance.

17. On that same Friday another sales representative approximately fifty years of age was also terminated.

18. On information and belief, Zavalianos' job performance was as good or better than similarly situated sales representatives who were substantially younger than him.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT and M.G.L. ch. 151B

19. Plaintiff, Mr. Zavalianos incorporates herein by reference paragraphs 1 through 18, inclusive, of this Complaint.

20. Zavalianos is a member of a protected class as he is fifty-nine years old. He was performing his job at an acceptable level as evidenced by his "meets expectations" performance ratings.

21. Zavalianos was terminated and his duties remain necessary and are currently being performed for the company.

22. Zavalianos' manager Jim Brown exhibited discriminatory animus based on age when he stated that he thought Zavalianos sounded old and crotchety when speaking to him over the phone and his perception upon meeting Zavalianos in person, turned out to be correct. He also discriminated on the basis of age when he stated that a presentation on a piece of video equipment should be tailored so that even "someone like Alex" could do it.

23. Similarly situated younger employees received benefits in time and marketing data that Zavalianos was not afforded.

24. By engaging in an unchecked pattern of humiliation and harassment culminating in Zavalianos' termination for a reason/reasons that are mere pretext. Defendant discriminated against Zavalianos on the basis of his age.

Wherefore, Plaintiff, Mr. Zavalianos prays that judgment be entered against the Defendant in an amount that will fairly and adequately compensate Plaintiff for all damages incurred together with interest, costs and such other relief as this Honorable Court may deem appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: November 9, 2010

Respectfully submitted,

Alex Zavalianos,
By his Attorney,

_____
Elayne N. Alanis, BBO# 660365
Law Office of Elayne N. Alanis
10 Tremont Street, Third Floor
Boston, MA 02108
Phone, 617-263-1203
Fax, 617-742-1724